cda

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6021-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CARLOS LIMAS-PAZ

    Defendant.

_____/



## OBJECTIONS TO PRESENTENCE INVESTIGATION AND NOTICE OF GROUNDS FOR DOWNWARD DEPARTURE

The Defendant, through counsel, hereby files this notice of objections to the presentence investigation (PSI) and notice of grounds for downward departure. Paragraph numbers refer to the PSI.

1. The penalty provisions on page 2 and in paragraph 38 erroneously refer to a penalty with a minimum term of imprisonment of 5 years and a maximum of 40. In light of *Apprendi v. New Jersey*, \_ U.S. \_, 2000 WL 807189 (June 26, 2000), there is no minimum sentence and the maximum sentence in this case is 20 years since the indictment failed to allege an amount of drugs. In light of Mr. Limas-Paz's eligibility for the safety valve and his guideline calculation this objection makes no difference to the guideline range.

2. Paragraph 15 should reflect a 2 level downward adjustment for minor role in the offense, based on the defendant's recruitment by Byron Panton to act as a mule in this case, as reflected in paragraphs 6 and 7.

3.  Paragraph 20 should thus reflect an offense level of 21.

4.  Paragraph 40 should reflect a guideline range of 37 to 46 months, based on a corrected offense level of 21 and a criminal history category of I.

5.  The Court can consider as a ground of departure the defendant's assistance to the Immigration and Naturalization Service in its deportation of Byron Panton, as detailed in paragraph 7. Although the United States Attorney declined prosecution of Panton, there is no doubt that the assistance given by Mr. Limas-Paz, as requested by the agents of the United States Government, directly led to Panton's deportation from this country and his elimination as a smuggling threat. The Court may consider this as a factor under U.S.S.G. § 5K2.0 mitigating factors that take the case out of the heartland. This is just such an issue. Assistance to the judiciary, approved by the Second Circuit in *United States v. Garcia*, 926 F.2d 125 (2nd Cir.1991) is analogous in this situation's assistance to the INS. The Eleventh Circuit has not rejected such an approach. *United States v. Lockyer*, 966 F.2d 1390 (11th Cir.1992). Mr. Limas-Paz has assisted the United States Government remove a menace to our society and should be recognized for his help.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Dave Lee Brannon
Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 297941
400 Australian Avenue, Suite 300
West Palm Beach, Florida 33401
TEL:(561)833-6288/FAX:(561)833-0368

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed this 19th day of July, 2000, to Assistant United States Attorney Roger H. Stefin, 500 East Broward Boulevard, 7th Floor, Ft. Lauderdale, FL 33394-3002 and United States Probation Officer Scott Kirsche, 501 S. Flagler Drive, Suite 400, West Palm Beach, FL 33401.

Dave Lee Brannon